FILED
2026 Jul-16 PM 02:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

HOLLIS CHADWICK SMITH, )
)
Petitioner, )
)
v. ) Case No. 7:26-cv-00270-EGL-SGC
)
WARDEN DAVIS, *et al.*, )
)
Respondents. )

**REPORT AND RECOMMENDATION**

Hollis Chadwick Smith filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1).[1] In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the petition is before the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991). As explained below, this case is due to be dismissed for failure to comply with a court order. FED. R. CIV. P. 41(b).

When Smith filed this case, he was incarcerated at Easterling Correctional Facility. (*See* Doc. 1 at 1). On May 5, 2026, the court ordered Smith to show cause why this matter should not be dismissed as duplicative of his earlier, pending § 2254 petition. (Doc. 4). When the copy of the order mailed to Smith was returned as undeliverable, the court made inquiries and learned he had been transferred to

[1] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: (Doc. __ at __).

Fountain Correctional Facility. (Docs. 5, 6).[2] On June 5, 2026, the undersigned ordered Smith to comply with the May 5, 2026 show cause order and confirm his current mailing address within 14 days. (Doc. 6). The undersigned warned Smith that failure to comply may result in the dismissal of this case without further notice. (Doc. 6 at 2). More than 14 days have elapsed, and Smith has not complied with or otherwise responded to the order.[3]

## RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** this case be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order. FED. R. CIV. P. 41(b).

## NOTICE OF RIGHT TO OBJECT

The petitioner may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within **14 days.** *See* 28 U.S.C. §§ 636(b)(1)(B), (C); FED. R. CIV. P. 72(b)(2). The petitioner must identify every objectionable finding of fact or recommendation and state the specific basis for every objection. The petitioner also must identify every claim in the complaint that the report and recommendation has not addressed. Objections

[2] A notation from the Alabama Department of Corrections ("ADOC") on the returned order stated that Smith had been transferred to St. Clair Correctional Facility. (Doc. 5). However, ADOC's website indicated Smith was then incarcerated at Fountain Correctional Facility. (*See* Doc. 6).

[3] At the court's direction, the Clerk mailed copies of the May 5 and June 5 orders to Smith at both Fountain Correctional Facility and St. Clair Correctional Facility. (*See* Doc. 6 at 2). To date, neither have been returned to the court.

should not contain new allegations, present additional evidence, or repeat legal arguments.

A petitioner who fails to object to factual or legal conclusions in the Magistrate Judge's report and recommendation waives the right to challenge on appeal those same conclusions adopted in the District Judge's order. Without a proper objection, however, the court on appeal may review the unobjected-to factual and legal conclusions for plain error if necessary in the interests of justice. 11th Cir. R. 3-1.

After receiving the petitioner's objections, a District Judge will conduct a *de novo* review of the relevant portions of the report and recommendation and may accept, reject, or modify in whole or in part the Magistrate Judge's findings of fact and recommendations. The District Judge also may refer this action back to the Magistrate Judge with instructions for further proceedings.

The petitioner may not appeal the Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The petitioner may only appeal from a final judgment entered by a District Judge.

**DONE** this 16th day of July, 2026.

Staci G. Cornelius
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE